IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CARLA ANN BLANKENSHIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-12-783-C |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| Acting Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to 42 U.S.C. § 405(g), Plaintiff Carla Ann Blankenship seeks judicial review of Defendant Commissioner's denial of Plaintiff's applications for supplemental security income and disability insurance benefits under the Social Security Act. The Court referred this matter to Magistrate Judge Bana Roberts for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). On March 26, 2013, Judge Roberts issued a Report and Recommendation that recommends affirming the Commissioner's decision. Plaintiff timely objected. After a thorough review of the pleadings, the administrative record ("AR"), and Plaintiff's Objection, the Court hereby ADOPTS Judge Roberts' Report and Recommendation in full and AFFIRMS the Commissioner's decision.

---

[1] Effective February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this action.

## I.  BACKGROUND

Plaintiff initiated these proceedings by filing applications for disability insurance benefits and supplemental security income in June 2009.  (AR 106-117.)  In her Disability Report, Plaintiff contended that back and neck pain, fibromyalgia, osteoarthritis, swollen hands, numbness in her arms and legs, headaches, dizziness, depression, and anxiety limited her ability to work.  (AR 127.)  Plaintiff alleged a disability onset date of August 19, 2006. (AR 127.)  Following a hearing, an Administrative Law Judge ("ALJ") denied Plaintiff's claims on December 6, 2010, finding that Plaintiff retained the capacity to perform work which was available in significant numbers in the national economy and, accordingly, was not disabled within the meaning of the Social Security Act.  (AR 9-22.)  Plaintiff sought review of the Commissioner's final decision in this Court after the Appeals Council of the Social Security Administration declined to review Plaintiff's case.  (AR 1-6.)

## II.  STANDARD OF REVIEW

The Court limits its review of the Commissioner's final decision to two inquiries: (1) whether substantial evidence supports the ALJ's factual findings and (2) whether the correct legal standards were applied.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The Court does not "'reweigh the evidence or substitute [its] judgment for the Commissioner's.'"  Id. (quoting Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005)). However, reversal is warranted if the ALJ failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'"  Byron v. Heckler, 742

2

F.2d 1232, 1235 (10th Cir. 1984) (quoting Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983)).

### III.  DISCUSSION

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382(a)(3)(A).  Regulations require the Commissioner to follow a five-step sequential process to evaluate a disability claim.  See 20 C.F.R. §§ 404.1520, 416.920; Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).  Plaintiff bears the burden of establishing a prima facie case of disability during the first four steps of the evaluation process.  Hackett, 395 F.3d at 1171.  If Plaintiff successfully establishes that she is not currently engaged in substantial gainful activity, has a medically severe impairment or combination of impairments, and does not have the residual functional capacity ("RFC") to perform her past relevant work, the Commissioner must then prove "that the claimant retains sufficient RFC to perform work in the national economy, given her age, education, and work experience." Id.

In the present case, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date; that her degenerative disc disease of the lumbar spine, osteoarthritis, and affective mood disorder constitute severe impairments; and that she has an RFC to perform light work with some limitations.  (AR 14-21.)  Specifically, the ALJ

found that Plaintiff can "occasionally stoop; frequently crouch, crawl, kneel, and balance; frequently climb stairs and ladders." (AR 16.)  Additionally, the ALJ noted some limitations "[d]ue to psychologically based factors":  although Plaintiff "can perform simple tasks with routine supervision, can relate to supervisors and peers . . . and is able to adapt to a work situation," she "is unable to work around the public." (AR 16-17.)  With this RFC finding, the ALJ determined that Plaintiff was not able to return to any of her past relevant work. (AR 21.)  However, using a vocational expert, the ALJ concluded that Plaintiff was not disabled because she could perform work as a "housekeeping cleaner," a job existing in significant numbers in the national and Oklahoma economies.  (AR 21-22.)

Plaintiff raised two issues before the Magistrate Judge.  First, Plaintiff disputed the ALJ's step-two characterization of Plaintiff's fibromyalgia as not "severe."  Next, Plaintiff argued that because the ALJ did not give "a proper weighing and consideration of [the] limiting effects of the Plaintiff's fibromyalgia," the ALJ could not have made "a proper RFC finding." (Pl.'s Opening Br., Dkt. No. 15, at 13.)  Judge Roberts rejected both Plaintiff's step-two and step-four[2] arguments.  Plaintiff concedes that Judge Robert's decision with respect to Plaintiff's step-two challenge is "well supported." (Pl.'s Objection, Dkt. No. 19, at 2.)  Thus, Plaintiff only objects to the portion of the Report and Recommendation dealing with her step-four RFC argument.

---

[2] Although Plaintiff repeatedly asserts that this is a "Step five case," her arguments deal with the ALJ's RFC determination, which occurs at step four of the disability evaluation, not step five.

With respect to the alleged error at step four, Judge Roberts determined that contrary to Plaintiff's assertion, "the ALJ specifically stated that he was considering Plaintiff's non-severe fibromyalgia in the RFC assessment." (Report & Recommendation, Dkt. No. 18, at 5.) Moreover, because Plaintiff "ma[de] no attempt to identify any additional functional limitations related to her fibromyalgia which should have been included in the RFC" but were omitted by the ALJ, Judge Roberts concluded that Plaintiff had "'shown no error.'" (Id. at 5-6 (quoting McAnally v. Astrue, 241 F. App'x 515, 518 (10th Cir. 2007)).) Plaintiff now argues that it was not her burden to identify limitations related to her fibromyalgia because the ALJ has the burden at step five of the disability determination. This argument reveals Plaintiff's misunderstanding of the burden analysis.

The burden does shift away from Plaintiff at step five. However, Plaintiff's challenge is to the RFC determination itself, which occurs after step three, at the beginning of step four, when she still bears the burden of proof. See 68 Fed. Reg. at 51,154-55. Moreover, even at step five the ALJ does not have the burden of producing evidence of the claimant's functional limitations. See Howard v. Barnhart, 379 F.3d 945, 948 (10th Cir. 2004) (holding "the agency's burden at step five does not include the burden to provide medical evidence in support of an RFC assessment") (emphasis added). Furthermore, "[w]here, as here, the ALJ indicates he has considered all the evidence," the practice of the Court "is to take the ALJ 'at [his] word.'"  Wall v. Astrue, 561 F.3d 1048, 1070 (10th Cir. 2009) (quoting Flaherty v. Astrue, 515 F.3d 1067, 1071 (10th Cir. 2007)).  Thus, the Court finds that

substantial evidence supports the ALJ's conclusion that Plaintiff retains an RFC for limited light work.[3]

## IV.  CONCLUSION

Having conducted a de novo review, the Court agrees with Judge Roberts' analysis and conclusion.  The ALJ's decision is supported by substantial evidence and analyzed pursuant to the correct legal standards.  Accordingly, the Court ADOPTS Judge Roberts' Report and Recommendation (Dkt. No. 18) in full and AFFIRMS the Commissioner's decision.  A judgment will enter accordingly.

IT IS SO ORDERED this 13th day of May, 2013.

ROBIN J. CAUTHRON
United States District Judge

---

[3] Plaintiff also seeks to add an additional challenge to the ALJ's decision in her Objection to the Report and Recommendation.  According to Plaintiff, the ALJ did not pose an appropriately limited hypothetical to the vocational expert at Plaintiff's hearing.  (Pl.'s Objection at 4.)  However, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996); see also Zumwalt v. Astrue, 220 F. App'x 770, 777 (10th Cir. 2007) (quoting Berna v. Chater, 101 F.3d 631, 632-33 (10th Cir. 1996) (noting that "waiver may result from the disability claimant's failure to . . . raise issues before the magistrate judge")).  However, even if the Court were to reach the merits of Plaintiff's newly asserted step-five challenge, the Court would still affirm the ALJ's disability determination.  Plaintiff's step-five argument is dependent on her challenge to the ALJ's step-four finding of an RFC of limited light work, which this Court has upheld.